UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**TERRY LYNN JONES, JR.**                                    CIVIL ACTION

VERSUS                                                       NO. 22-748

**HOUMA POLICE DEPARTMENT, ET AL.**                          SECTION: "S"(3)

## REPORT AND RECOMMENDATION

Plaintiff, Terry Lynn Jones, Jr., a state inmate, filed this federal civil action pursuant to 42 U.S.C. § 1983.[1] In his original complaint, he named the Houma Police Department as the sole defendant.[2] After this matter was transferred to this Court from the United States District Court for the Western District of Louisiana,[3] the undersigned notified plaintiff that the police department was an improper defendant and afforded him an opportunity to amend his complaint to add proper defendants.[4] He thereafter amended his complaint to add Chief of Police Dana Coleman and an unidentified arresting officer as additional defendants.[5] In this lawsuit, plaintiff claims that he has been falsely arrested for stealing a gun.[6]

---

[1] In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983. Accordingly, "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).
[2] Rec. Doc. 1.
[3] Rec. Doc. 7.
[4] Rec. Doc. 9.
[5] Rec. Doc. 14.
[6] Plaintiff currently has two other related cases pending in this Court: Jones v. Houma Police Department, Civil Action No. 22-635 (E.D. La.), and Jones v. Champagne, Civ. Action No. 22-1364 (E.D. La.).

Plaintiff filed this action *in forma pauperis*. Concerning such actions, federal law provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …
>
> (i)   is frivolous or malicious;
> (ii)  fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

In addition, because plaintiff is incarcerated, he is also subject to the screening provisions of 28 U.S.C. § 1915A. That statute mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[7] Regarding such lawsuits, federal law similarly requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In determining whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims

---

[7] "As used in this section, the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (footnote, citation, and quotation marks omitted).

Although broadly construing the complaint,[8] the undersigned recommends that plaintiff's claims against the Houma Police Department and Chief of Police Dana Coleman be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) and that his claim against the unidentified arresting officer be stayed.

### I. Claim Against the Houma Police Department

As noted, plaintiff sued the Houma Police Department. The claim against that defendant must be dismissed because the Houma Police Department simply is not a proper defendant. See, e.g., Williams v. Houma Police Department, Civ. Action No. 20-0040, 2020 WL 4808651, at *4-5 (E.D. La. July 14, 2020) ("[F]ederal courts have consistently held that the city police departments in Louisiana lack juridical capacity. Because the Houma Police Department is not capable of being sued, it is not a proper party and the claims against it must be dismissed as frivolous or for failure to state a claim for which relief can be granted." (citations omitted)), adopted, 2020 WL 4785079 (E.D. La. Aug. 18, 2020); Richard v. Houma Police Department, Civ. Action No. 19-12892 c/w 19-13281, 2020 WL 686165, at *2 (E.D. La. Jan. 23, 2020) (same), adopted, 2020 WL 638890 (E.D. La. Feb. 11, 2020); Keaghey v. Houma Police Department, Civ. Action No. 19-12713, 2019

---

[8] The Court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

WL 5903469, at *1 (E.D. La. Oct. 17, 2019) ("[T]he law is well-settled that in order to set forth a cognizable claim under § 1983, an aggrieved party must allege that the defendant, a 'person' acting under color of state law and in accordance with an established state procedure, deprived him of the rights, privileges, or immunities secured by the Constitution or laws of the United States. On that score, police departments of cities like the [Houma Police Department] are not considered to be 'persons' within the meaning of § 1983." (citation omitted)), adopted, 2019 WL 5894296 (E.D. La. Nov. 12, 2019).

## II.  Claims Against Chief of Police Dana Coleman

Plaintiff also sued Chief of Police Dana Coleman.  However, plaintiff has failed to state a proper claim against Coleman in either his individual or official capacity.

Although a government official, such as Coleman, may be sued in his individual (or personal) capacity, such individual-capacity claims are restricted in one significant sense:  the individual sued must have been **personally involved** in the purported constitutional violation. See Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action."). Here, there is no allegation that Coleman was personally involved in plaintiff's arrest.

Rather, the only factual allegation plaintiff makes against Coleman is that he is the supervisor of the arresting officer.  However, that alone will not suffice to serve as a basis for liability in this case, because there is no vicarious liability under § 1983.  As a result, an individual-capacity claim against a supervisory official fails absent well-pled allegations of his personal involvement or some other form of causation to connect him to a violation purportedly committed by his subordinate. Marks v. Hudson, 933 F.3d 481, 490 (5th Cir. 2019); accord Ashcroft v. Iqbal, 556 U.S. 662, 667 (2009) ("In a § 1983 suit ... – where masters do not answer for the torts of their

4

servants – the term 'supervisory liability' is a misnomer.  Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct."); Sanchez v. Young County, 866 F.3d 274, 281 (5th Cir. 2017) ("Supervisors cannot be held liable for constitutional violations … if they had no personal involvement."); Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987) ("Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability.").  Because plaintiff has made no such allegations, he has failed to state a proper individual-capacity claim against Coleman.

Of course, a government official may also be sued in his official capacity.  However, "[o]fficial capacity suits generally represent another way of pleading an action **against an entity of which an officer is an agent**."  Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir. 1999) (emphasis added); accord Kentucky v. Graham, 473 U.S. 159, 166 (1985) ("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.  It is *not* a suit against the official personally, for the real party in interest is the entity." (citation omitted)); Spikes v. Phelps, 131 F. App'x 47, 48 (5th Cir. 2005) ("The liability, if any, flowing from a federal civil rights suit based on official capacity, runs against the local government entity, not the individual defendant.").

Accordingly, an official-capacity claim against Coleman would in reality be a claim against the local governmental body itself.  However, the United States Fifth Circuit Court of Appeals has explained:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, **a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted**.  To satisfy the cause in fact requirement, **a plaintiff must allege that the custom or policy served as a moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of an official policy or custom**.  The description of a policy or custom and its relationship to the

5

underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts.

Spiller v. City of Texas City, Police Department, 130 F.3d 162, 167 (5th Cir. 1997) (emphasis added; citations, quotation marks, and brackets omitted). Further, "[a] plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." Colle v. Brazos County, 981 F.2d 237, 245 (5th Cir. 1993); see also Wetzel v. Penzato, Civ. Action No. 09-7211, 2009 WL 5125465, at *3 (E.D. La. Dec. 23, 2009). Rather, he must identify the policy or custom which allegedly caused the deprivation of his constitutional rights. See, e.g., Murray v. Town of Mansura, 76 F. App'x 547, 549 (5th Cir. 2003); Treece v. Louisiana, 74 F. App'x 315, 316 (5th Cir. 2003); Wetzel, 2009 WL 5125465, at *3. In the instant case, plaintiff does not allege that his constitutional rights were violated as a result of a policy or custom, much less identify such a policy or custom. Therefore, if he is asserting a claim against Coleman in his official capacity, plaintiff's allegations fall short of what is required to state a proper official-capacity claim.

### III. Claim Against the Unidentified Arresting Officer

Lastly, plaintiff has indicated that he wishes to sue the arresting officer for false arrest, although he has not yet learned the identity of the arresting officer.[9] In any event, however, the false arrest claim against that officer should be stayed pending resolution of plaintiff's state criminal proceedings.

If plaintiff stood convicted of the underlying criminal pending charge, this Court would be barred from considering his claims by Heck v. Humphrey, 512 U.S. 477 (1994).[10] But he has not

---

[9] See Rec. Doc. 14, p. 5.
[10] In Heck, the United States Supreme Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas

been convicted. Instead, he is currently awaiting trial on the charge, and the United States Supreme Court has made it clear that that Heck does not bar "an action which would impugn *an anticipated future conviction*...." Wallace v. Kato, 549 U.S. 384, 393 (2007).

Nevertheless, that does not mean that federal courts should forge ahead with cases in which a plaintiff's federal civil rights claim concerns a pending state criminal charge. Rather, the Supreme Court has explained:

> If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. If the plaintiff is ultimately convicted, and if the civil suit would impugn that conviction, Heck will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.

Id. at 393-94 (citations omitted). Therefore, under that reasoning, the false arrest claim against the unidentified arresting officer should be stayed until such time as plaintiff's state criminal proceedings are concluded.

## RECOMMENDATION

It is therefore **RECOMMENDED** that all of plaintiff's federal civil rights claims, **except for his false arrest claim against the unidentified arresting officer**, be **DISMISSED WITH PREJUDICE**.

---

corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck, 512 U.S. at 486-87 (emphasis in original) (footnote omitted). Heck bars a false arrest claim brought by a convicted prisoner until such time as he obtains a favorable disposition on all of the underlying criminal charges for which he was arrested. See Wallace v. Kato, 549 U.S. 384, 394 (2007); Queen v. Purser, 109 F. App'x 659, 660 (5th Cir. 2004); Wells v. Bonner, 45 F.3d 90, 95 (5th Cir. 1995); Jordan v. Strain, Civ. Action No. 09-3565, 2009 WL 2900013, at *2 n.4 (E.D. La. Aug. 28, 2009); Landor v. Hogue, Civ. Action No. 07-9171, 2008 WL 243950, at *3 (E.D. La. Jan. 25, 2008).

It is **FURTHER RECOMMENDED** that plaintiff's false arrest claim against the unidentified arresting officer be **STAYED**.

It is **FURTHER RECOMMENDED** that the Clerk of Court be directed to mark this action **CLOSED** for statistical purposes.

It is **FURTHER RECOMMENDED** that the Court retain jurisdiction over the stayed claim and that the case be restored to the trial docket upon plaintiff's motion once his criminal proceedings are concluded, so that the claim may proceed to final disposition.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this \_\_15th\_\_ day of September, 2022.

_____
**DANA M. DOUGLAS**
**UNITED STATES MAGISTRATE JUDGE**